# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2012

No. 10-20831
Summary Calendar

Lyle W. Cayce
Clerk

HENRY UDOEWA,

Plaintiff - Appellant

v.

PLUS4 CREDIT UNION; VLADIMIR STARK; PATRICIA COLLINS,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3054

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Henry Udoewa, a former employee of Plus4 Credit Union, brought a lawsuit against Defendants-Appellees Plus4 Credit Union and two of its officers, Vladimir Stark and Patricia Collins, asserting claims under 42 U.S.C. § 1981 for race discrimination, retaliation, and hostile work environment, as well as several state law claims, including defamation and negligent retention. The district court dismissed Udoewa's claims of negligence,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20831

intentional infliction of emotional distress, and national origin discrimination for failure to state a claim. The district court then granted the defendants' motion for summary judgment on all of Udoewa's remaining claims. On appeal, Udoewa challenges the district court's dismissal of his claims, the district court's denial of Udoewa's discovery request for certain documents, and the district court's grant of the defendants' motion for summary judgment. For the following reasons, we AFFIRM the orders and judgment of the district court.

1.    Udoewa appeals the district court's dismissal of his negligence, intentional infliction of emotional distress, and national origin discrimination claims. We review de novo a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6). *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). We agree with the reasoning and conclusions of the district court as stated in its orders dated June 29, 2009, and December 21, 2009. First, the district court correctly dismissed Udoewa's negligence claim because Udoewa's "allegations sound in intentional tort, not negligence." Second, under Texas law, "intentional infliction of emotional distress is a 'gap-filler' tort never intended to supplant or duplicate existing statutory or common-law remedies." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005). Therefore, the district court correctly concluded that, "[b]ecause the allegations underlying the intentional infliction of emotional distress claim are the same as those underlying the federal § 1981 and state-law defamation claims, the intentional infliction of emotional distress claim fails." Third, because § 1981 does not apply to claims based "solely on the place or nation of his origin," *see St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987), the district court correctly concluded that Udoewa's national origin discrimination claim, based solely on the fact that he was born in Nigeria, is not cognizable under § 1981.

2.    Udoewa asserts on appeal that the district court erred in determining that past sexual harassment investigatory reports and minutes from Plus4's

No. 10-20831

Board of Directors meetings were protected under the work product doctrine.[1] We review the district court's discovery rulings "under a deferential abuse of discretion standard." *Gomez v. St. Jude Med. Daig Div. Inc.*, 442 F.3d 919, 927 (5th Cir. 2006) (citations omitted). The work product doctrine applies to documents "prepared in anticipation of litigation," FED. R. CIV. P. 26(b)(3), and we have held that "the privilege can apply where litigation is not imminent, 'as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000) (citation omitted). The district court correctly concluded that the documents were prepared in anticipation of litigation and were therefore protected under the work product doctrine.

3. Udoewa argues that the district court erred in granting summary judgment in favor of the defendants on his claims for failure to promote, transfer of job responsibilities, wrongful termination, hostile work environment, and retaliation under § 1981. We review a district court's grant of summary judgment de novo, applying the same standard as the district court. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). With respect to each of Udoewa's claims, we agree with the district court's reasoning in full, as set out in the court's careful and well-reasoned fifty-six page opinion. The district court correctly concluded that Udoewa provided no direct evidence of intentional discrimination and that the defendants were entitled to summary judgment on all of Udoewa's § 1981 claims.

4. Udoewa also argues that the district court erred in granting summary judgment in favor of the defendants on his state law defamation and negligent retention claims. We agree with the district court's analysis and conclusions. With regard to the defamation claim, the court noted that "there is no evidence

---

[1] The district court made these rulings at the discovery hearing held on January 28, 2010.

No. 10-20831

that Stark published an accusation of sexual harassment against Udoewa," and therefore granted summary judgment in favor of the defendants on that claim. With regard to the negligent retention claim, the district court noted that, under Texas law, Udoewa cannot sustain an action for negligent retention against Plus4 without establishing that Stark committed an actionable, common-law tort against him. *See Gonzales v. Willis*, 995 S.W.2d 729, 739 (Tex. App.—San Antonio 1999, no pet.), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). Because the district court found that there was no triable issue of fact on Udoewa's defamation claim, the court correctly granted summary judgment to the defendants on Udoewa's negligent retention claim. Therefore, we hold that the court properly granted summary judgment in favor of the defendants on these claims.

The orders and judgment of the district court are AFFIRMED.